**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RONNIE M. ROACH** | : | |
| **9718 Barr Spring Drive** | : | |
| **Humble, TX  77396** | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | **NO. 4:20-cv-1112** |
| **BNSF RAILWAY COMPANY, f/k/a** | : | |
| **Burlington Northern and Santa Fe** | : | |
| **Railway Company** | : | |
| **2650 Lou Menk Drive** | : | **JURY TRIAL DEMANDED** |
| **Fort Worth, TX  76131** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

1.      This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51

et seq., (FELA) and the Federal Locomotive Inspection Act, 49 U.S.C. § 20701 et seq., which

grants this Court jurisdiction over this action.

2.      Plaintiff, Ronny M. Roach, is an adult individual residing at the above captioned

address.

3.      Defendant, BNSF Railway Company f/k/a Burlington Northern and Santa Fe

Railway, and successor in interest to Burlington Northern Railroad and the Atchison, Topeka and

Santa Fe Railway, amongst other acquired railroads, (hereinafter collectively as "BNSF") was at

all times relevant hereto, engaged in interstate commerce in and throughout several states of the

United States as a common carrier by rail; and for the purposes hereof did operate locomotives,

railroad cars and repair facilities and transacted substantial business throughout the various states

of the United States.

5.      From 1997 to 2015 Plaintiff was employed by BNSF Railway Company, or its predecessor interest, as a brakeman/conductor and locomotive engineer who, at all times relevant hereto, was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

6.      During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings, locomotives and along its right of ways, including but not limited to the Conroe Yard, Summerville Yard, South Yard in Houston, Pearland Yard in Houston and the Galveston Yard in Texas, as well as the Lafayette Yard and Lake Charles Yard in Louisiana, Plaintiff was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/fumes/exhaust, benzene, creosote and herbicides.

7.      Specifically, while working as a brakeman/conductor and locomotive engineer Plaintiff was exposed to diesel fuel/fumes/exhaust and benzene from the locomotive's exhausts; and herbicides from "spray trains". While walking on the rights-of-way inspecting cars, tying on and releasing freight car brakes, cutting and coupling cars and lacing air hoses, Plaintiff was exposed to chemical herbicides used on the rights-of-way.

8.      Plaintiff's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of Hairy Cell Leukemia.

9.      Plaintiff's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

10.      The Plaintiff's cancer is the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and

highly harmful to its employees' health.

11.     Defendant's negligence consisted of:

(a)     Failing to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work as required by the FELA;

(b)     Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to toxic materials and carcinogens;

(c)     Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(d)     Failing to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(e)     Failing to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways

(f)     Failing to periodically test employees such as the Plaintiff for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff as to the test results;

(g)     Failing to warn the Plaintiff of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

(h)     Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff, to carcinogens;

(i)     Failing to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens;

(j)     Failing to provide locomotives with adequate and/or
        functional ventilation that should have filtered the air
        for toxins and carcinogens;

(k)     Failing to utilize low emissions fuel such as bio-
        diesel for its locomotives and;

(l)     Failing to provide the Plaintiff with protective
        equipment designed to protect him from exposure to
        toxic materials and carcinogens.

12.     The Locomotive Inspection Act, 49 USC § 20701 requires that locomotives are in

proper condition and safe to operate without unnecessary danger of personal injury.

13.     Instantly, the Defendant failed to provide the Plaintiff with locomotives that had

proper and adequate ventilation and/or air filtration systems, the failure of which allowed diesel

fumes and toxins to accumulate and, subsequently, be inhaled by the Plaintiff.

14.     Generally, the railroad was in violation of 49 CFR § 229.7 which prohibits

railroads from using any locomotive that "is not in proper condition or safe to operate without

unnecessary peril to life or limb" and 49 CFR § 229.45 which states, in part, that "all systems

and components on a locomotive shall be free of conditions that endanger the safety of the crew,

locomotive or train".  Furthermore, and more specifically, the railroad was in violation of 49

CFR 229.43(a) that states that: "Products of combustion shall be released entirely outside the cab

and other compartments. Exhaust stacks shall be of sufficient height or other means provided to

prevent entry of products of combustion into the cab or other compartments under usual

operating conditions."

15.     Additionally, the railroad failed to: install proper engine exhaust filters; utilize

low emissions fuel such as bio diesel and; mandate cleaner burning engines from the locomotive

manufacturers.

16.     The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

17.     As a direct result of the negligence of the Defendant, the Plaintiff experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

18.     As a result of the negligence of the Defendant, Plaintiff sustained a loss of income, benefit and future income and benefits.

19.     Plaintiff suffers from a fear of death as a result of his cancer.

20.     Plaintiff seeks all damages recoverable under the FELA.

21.     Less than three (3) years before Plaintiff's Complaint was filed he first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, Ronnie Roach, demands judgment against the Defendant in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

Dated: October 8, 2020                            BY:____/s/ Shawn M. Sassaman
                                                  SHAWN M. SASSAMAN
                                                  BERN CAPPELLI
                                                  Attorney for Plaintiff
                                                  101 West Elm Street
                                                  Suite 215
                                                  Conshohocken, PA  19428
                                                  (610) 941-4444
                                                  (610) 941-9880 fax